IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

MANOOKIAN PLLC and BRIAN MANOOKIAN, )
                                                                                                                        )
   Appellants                                                  )
                                                       )
v.                                                           )   Case No: 3:22-cv-00474
                                                     )   Judge Aleta A. Trauger
JEANNE ANN BURTON, TRUSTEE,   )
                                                     )
   Appellee.                                                )

_____

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
Case No. 3:20-ap-90002

_____

BRIEF OF THE APPELLEE, JEANNE ANN BURTON, TRUSTEE

_____

Phillip G. Young, Jr.
THOMPSON BURTON PLLC
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel: 615-465-6000
phillip@thompsonburton.com

*Special Counsel for Appellant,*
*Jeanne Ann Burton, Trustee*

# I. TABLE OF CONTENTS

|       |                                                                                                                    | Page |
|-------|--------------------------------------------------------------------------------------------------------------------|------|
| I.    | Table of Contents…………………………………………………………………..1 |      |
| II.   | Table of Authorities………………………………………………………..…......2 |      |
| III.  | Statement of the Case……………………………………………………………4 |      |
| IV.   | Summary of Argument……………………………………………………………..5 |      |
| V.    | Argument…………………………………………………………………………...7 |      |
|       | A.    PROCEDURAL FLAWS……………………………………….............7 |      |
|       |       a. THE APPELLANT DID NOT SEEK, AND IS NOT ENTITLED TO, AN INTERLOCUTORY APPEAL……………………..…….....7 |      |
|       |       b. BRIAN MANOOKIAN HAS NO STANDING……………………10 |      |
|       | B.    SUBSTANTIVE FLAWS……………..………………………….......11 |      |
|       |       a. THE APPELLANT NEVER ADDRESSES WHETHER THE ORDER BEING APPEALED WAS IN ERROR…………………..11 |      |
|       |       b. THE ORDER BEING APPEALED WAS PROPERLY SUPPORTED BY LAW AND FINDINGS…………………….....12 |      |
| VI.   | Conclusion……………………………………………………………………....13 |      |
| VII.  | Certificate of Compliance with Fed. R. App. P. 32(a)(7)……………....……..15 |      |
| VIII. | Certificate of Service……………………………………………………………16 |      |

## II. TABLE OF AUTHORITIES

**Federal Cases**

PAGE

*Midland Asphalt Corp. v. United States*
    489 U.S. 794 (1989)……………………………………………………………….8

*Hooker v. Wanigas Credit Union*
    2020 WL 7253496 (6th Cir. 2020)…………...………………………………..……..8

*Wiwa v. Royal Dutch Petroleum Co.*
    392 F.3d 812 (5th Cir. 2004)………………………………………………………..13

*Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.)*
    330 F.3d 104 (2d Cir. 2003)…………………………………...……………………13

*Thomas v. United States*
    166 F.3d 825 (6th Cir. 1999)…………………………………………………………8

*In re DG Acquisition Corp.*
    151 F.3d 75 (2d Cir. 1998)……………………………………………….…………13

*Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.*
    77 F.3d 880 (6th Cir. 1996)………………………………………….....…..………10, 11

*Cruden v. Bank of N.Y.*
    957 F.2d 961 (2d Cir. 1992)………………………………………………………...…13

*Cardwell v. Chesapeake & O.R.Co.*
    504 F.2d 444 (6th Cir. 1974)………………………………………………………....9

*In re Manufacturers Trading Corp.*
    194 F.2d 948 (6th Cir. 1952)………………………………..………………..……....8

*Colby v. Milholland (In re Milholland)*
    2017 Bankr. LEXIS 611 (10th Cir. B.A.P. 2017)…………………………..……..13

*Simon v. Amir*
    436 B.R. 1 (6th Cir. B.A.P. 2010)……………………………………..………..……10, 11

*Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.)*
    286 B.R. 49 (6th Cir. B.A.P. 2002)…………………………………………………...10, 11

*Sigma Fin. Corp. v. American Intern. Specialty*
    200 F. Supp. 2d 710 (E.D. Mich. 2002)…………...…………………………………9

*In re Stiles*
    29 B.R. 389 (M.D. Tenn. 1982)……………………………………………..…….9

## Federal Statutes

PAGE

28 U.S.C. §158………………………………...……………………………………..7, 8

## Federal Rules

PAGE

Fed. R. Bankr. P. 8004……………………………………………………………...…..8

## Secondary Sources

PAGE

Collier on Bankruptcy ¶ 5.08(1)(a) (16th ed. 2020)……………………………….…7

### III. STATEMENT OF THE CASE

This case, at least as it relates to the appeal at hand, is quite simple. The Appellee, Jeanne Ann Burton (the "Trustee"), is the Chapter 7 Trustee for the bankruptcy estate of Cummings Manookian, PLC (the "Debtor"), a law firm formerly owned and operated by attorney Brian Manookian. In the exercise of her fiduciary duty, the Trustee initiated a cause of action against three defendants, including Appellant Manookian PLLC (the "Appellant"). The cause of action alleges, in addition to other things, that the Appellant and the other defendants received property of the bankruptcy estate, were the beneficiaries of fraudulent transfers from the Debtor, and/or are the successors-in-interest to the Debtor.

Over two years into the litigation, the Appellant filed a motion to recuse the judge presiding over this matter, The Honorable Charles Walker. Before the Bankruptcy Court could conduct a hearing on the motion to recuse, the Appellant issued a subpoena seeking to depose Judge Walker concerning alleged *ex parte* communications and alleged extra-judicial research. The Bankruptcy Court issued an Order Quashing Notice of Deposition and the Appellant (plus Brian Manookian) appealed the order quashing the subpoena. The Bankruptcy Court then announced that it would no longer decide any substantive matter in the case, including the motion to recuse, until this appeal had been resolved. Therefore, the motion to recuse (which appears to be the true impetus of this Appeal) has yet to be decided by the Bankruptcy Court.

## IV. SUMMARY OF ARGUMENT

This appeal is both procedurally and substantively flawed. Procedurally, the appeal was taken without seeking relief from this Court to pursue an appeal of an interlocutory order. The Bankruptcy Court's order quashing subpoena is clearly not a final order, thus 28 U.S.C. § 158 and Rule 8004 of the Federal Rules of Bankruptcy Procedure require that the Appellant must first seek relief to pursue this appeal. Even if this Court were to consider the Appellant's timely appeal as a request to pursue the appeal of an interlocutory order, the Appellant has not met the Sixth Circuit test for granting leave to appeal an interlocutory order. More specifically, the issue being appealed is not a controlling issue and does not materially advance the ultimate termination of the litigation. In addition to the failure to seek relief to pursue an appeal of an interlocutory order, the appeal has another procedural defect; that is, one of the named appellants, Brian Manookian, has no standing to pursue the appeal. While Manookian PLLC may pursue this appeal, Brian Manookian is not a proper party to this matter.

The substantive flaws of the appeal are even more obvious and determinative. Despite filing a nineteen (19) page brief, the Appellant *never* addresses whether and/or why the Bankruptcy Court's Order Quashing Notice of Deposition was in error. Rather, the entirety of the discussion in the brief focuses on the recusal motion, on which the Bankruptcy Court has yet to rule. The Bankruptcy Court should have an opportunity to consider, rule upon, and issue an order regarding the motion to recuse before the Appellant attempts to appeal the yet-to-be-determined finding. Indeed, perhaps the reason that the Appellant does not focus on the Order Quashing Notice of Deposition itself is because that order was well supported with law, findings, and application.

In short, this appeal is procedurally flawed and premature. The Appellant and Brian Manookian ask this Court to rule on a matter that has yet to be heard or decided by the Bankruptcy Court. Issuing advisory opinions is simply not the role of an appellate court.

## V. ARGUMENT

### A. PROCEDURAL FLAWS

This appeal has two major procedural flaws. First, there can be no doubt that the order from which this appeal is taken is interlocutory in nature. The Appellant did not seek, and was not granted, relief to pursue this appeal of an interlocutory order. Even if the Court were to excuse that procedural defect, as some courts allow, the Appellant has not demonstrated that it meets the Sixth Circuit test for granting leave to pursue the appeal of an interlocutory order.

Secondly, Brian Manookian, a named appellant in this matter, has no standing to pursue this appeal. While this is not determinative to the outcome of this matter, and Manookian PLLC certainly has standing to proceed, the Court should provide that procedural and jurisdictional clarity.

#### a. THE APPELLANT DID NOT SEEK, AND IS NOT ENTITLED TO, AN INTERLOCUTORY APPEAL

In appeals from bankruptcy courts, district courts have jurisdiction to hear appeals (1) from final judgments, orders, and decrees . . . and (3) with leave of the court, from other interlocutory orders and decrees; of bankruptcy judges ...." 28 U.S.C. § 158(a). Section 158(a) provides for an appeal as of right in the district court from "final orders, judgments, and decrees" issued in bankruptcy court. *See Collier on Bankruptcy* ¶ 5.08(1)(a) (16th ed. 2020). However, interlocutory orders are different; they can be appealed only with leave of the district court. 28 U.S.C. § 158(a). Accordingly, a party must seek leave to appeal an interlocutory order from the district court or bankruptcy appellate panel under

Bankruptcy Rule 8004. *Hooker v. Wanigas Credit Union*, 2020 WL 7253496, *1 (6th Cir. 2020).

The Bankruptcy Court's Order Quashing Notice of Subpoena is an interlocutory order. A final order ends the litigation on the merits and leaves nothing for the court to do but execute the judgment. *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, (1989). Anything else is interlocutory in nature. The Sixth Circuit has specifically held that a bankruptcy court's order denying a motion to quash subpoena is not a final order in a bankruptcy proceeding, but, rather, an interlocutory order. *In re Manufacturers Trading Corp.,* 194 F.2d 948, 953 (6th Cir. 1952).

The statutory method for appealing an interlocutory appeal is to file a motion for leave under 28 U.S.C. § 158(a)(3) and Fed. R. Bankr. P. 8004(b). However, the Sixth Circuit has held that failure to file such a motion is not necessarily fatal to the appeal. *Hooker v. Wanigas Credit Union* at *1. There, the Court stated that "[i]f an appellant timely files a notice of appeal but does not include a motion for leave, the district court ... may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it." *Id.* at *2 (quoting *Thomas v. United States,* 166 F.3d 825, 828 (6th Cir. 1999) and citing Bankruptcy Rule 8004(d)).

Neither 28 U.S.C. § 158(a)(3) nor Fed. R. Bankr. P. 8004 provide a standard for granting "leave" to appeal an interlocutory order. The Sixth Circuit, however, has developed a four-part test used in determining whether to grant leave to appeal an interlocutory order: "(1) the question involved must be one of 'law', (2) it must be 'controlling', (3) there must be substantial ground for 'difference of opinion' about it, and (4) an immediate appeal must 'materially advance the ultimate termination of the

8

litigation'". *Cardwell v. Chesapeake & O.R.Co.,* 504 F.2d 444, 446 (6th Cir. 1974). Ultimately, the decision to allow an interlocutory appeal from the bankruptcy court lies within the discretion of the district court. *Sigma Fin. Corp v. American Intern. Specialty*, 200 F. Supp. 2d 710, 723 (E.D. Mich. 2002).

Even where interlocutory appeals *may* be granted, the Sixth Circuit has instructed that they *should* be granted only in exceptional or extraordinary situations. *Cardwell*, 504 F.2d at 446. There, the Sixth Circuit declined to hear an interlocutory appeal regarding the testimony of an expert witness stating that it would not disturb the discretion of the trial court unless abused. *Id.* at 448. Similarly, this Court previously declined to permit an interlocutory appeal of a routine, pretrial order of bankruptcy court denying demand for jury trial. *In re Stiles*, 29 B.R. 389 (M.D. Tenn. 1982). There, the appellant offered no reason why the interlocutory appeal should be permitted, did not claim existence of exceptional circumstances, and none was apparent to court. *Id*.

In this case, the Appellant did not seek relief to pursue an appeal of the Bankruptcy Court's interlocutory order. Even if this Court were to entertain consideration of the interlocutory appeal, the Appellant has not met the four-part test established by the Sixth Circuit.[1] First, the appeal of the Order Quashing Notice of Deposition does not involve a

---

[1] In its brief, the Appellant correctly notes that it must meet the four-part test in order to pursue the appeal of an interlocutory order, but it applies facts concerning the *motion to recuse,* not the order quashing the subpoena, to the four-part test. For example, the Appellant states: "First, the appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion. *Disqualification* of a judge under these circumstances is governed by statute." Brief at p. 9 (emphasis added). Again: "Second, an immediate appeal will materially advance the ultimate termination of the litigation. This Court's guidance on the appropriate standard *for recusal* and correct process for considering *disqualification* … will aid the parties and the Bankruptcy Court." Brief at p. 10 (emphasis added). This is an appeal of the Order Quashing Notice of Deposition, not an order concerning the recusal motion.

9

question of law. At most, the Appellant questions the Bankruptcy Court's judgment, not its interpretation of the law. Second, this issue is not controlling of the case; it is barely relevant to the case. It is perhaps relevant to the motion to recuse but not to the matter as a whole. Finally, an immediate appeal of this matter will not advance the ultimate termination of the litigation. Regardless of the outcome of this appeal, the Bankruptcy Court will next address the Appellant's motion for recusal. At that point, the adversary proceeding will progress the same way (with one judge or another) irrespective of this appeal. Not only will this appeal not "advance the ultimate termination of the litigation", it will have no bearing whatsoever on the ultimate termination of the litigation.

This appeal is inappropriate as the Appellant has not asked this Court for permission to appeal the interlocutory order, nor can it show why an appeal at this time is necessary. Accordingly, the Court should deny the appeal on these procedural grounds alone.

b. BRIAN MANOOKIAN HAS NO STANDING

This appeal is also procedurally defective in that it is being advanced in part by Brian Manookian, who is not a party to the underlying adversary proceeding and has no standing in this matter. "In order to have standing to appeal a bankruptcy court order, an appellant must be a 'person aggrieved' by the bankruptcy court's order." *Simon v. Amir (In re Amir)*, 436 B.R. 1, 9-10 (6th Cir. B.A.P. 2010) (citing *Fidelity Bank, Nat'l Ass'n v. M.M. Group, Inc.,* 77 F.3d 880, 882 (6th Cir. 1996)). "This doctrine limits standing to those persons who 'have been directly and adversely affected pecuniarily by the order. . . . Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will [an appellant] have standing to appeal.'" *Id.* at 10 (quoting *Fidelity Bank*, 77 F.3d at 882; citing *Travelers Cas. & Sur. v. Corbin (In re First Cincinnati, Inc.),* 286 B.R. 49, 51

(6th Cir B.A.P. 2002)). "The burden of proving that a party is a 'person aggrieved' is on the appellant asserting standing to pursue an appeal." *Id.* (citing *Fidelity Bank*, 77 F.3d at 882).

In this case, Brian Manookian is not a defendant in the adversary proceeding; therefore, he has not been "directly and adversely affected pecuniarily by the order" and has no standing to pursue this appeal. Since Manookian PLLC does have standing to pursue the appeal, this issue is not determinative to the outcome of this appeal. However, this Court should find that Mr. Manookian lacks standing to pursue this appeal so as to clarify this procedural matter for the seemingly inevitable future appeals of this and/or the motion for recusal.

### B. SUBSTANTIVE FLAWS

In addition to the procedural problems noted above, the appeal has fatal substantive flaws – namely, the brief fails to address the order being appealed. Instead, the Appellant's brief focuses *exclusively* on the pending motion for recusal, on which the Bankruptcy Court has yet to rule. The reason the Appellant fails to address the Order Quashing Notice of Deposition (the order actually being appealed) appears simple; there is no basis for appealing that order. The Bankruptcy Court's order properly analyzes the law, and the application of the facts of this case to that law, in determining to quash the Appellant's subpoena for Judge Walker's deposition testimony.

#### a. THE APPELLANT NEVER ADDRESSES WHETHER THE ORDER BEING APPEALED WAS IN ERROR

Beginning at Page 12 of the brief, the Appellant re-argues rather exhaustively its motion to disqualify Judge Walker. This is evident from the very first paragraph of the substantive discussion: "The Bankruptcy Court should be disqualified from this matter

because it engaged in multiple prohibited *ex parte* communications about Brian Manookian and this proceeding with 'at least two [unidentified] lawyers' while this action has been pending." Appellant Brief at p. 12. The matter before this Court does not concern Brian Manookian, who is not a party to the adversary proceeding, or the requested disqualification of Judge Walker. The Bankruptcy Court has yet to even consider the recusal motion. Instead, the subject matter of this appeal is the Order Quashing Notice of Deposition. Nowhere in the seven pages of substantive discussion, beginning at Page 12 and concluding at Page 18, does the Appellant's brief address whether the Order Quashing Notice of Deposition was in error.

The Appellant's failure to address the appropriate question on appeal, by itself and without consideration of any of the procedural flaws, forms a basis for denial of the appeal. Simply put, the Appellant has offered this Court no legal or factual basis for reversing the Bankruptcy Court's decision to quash the subpoena.

      b. THE ORDER BEING APPEALED WAS PROPERLY SUPPORTED BY LAW AND FINDINGS

The Bankruptcy Court's Order Quashing Notice of Deposition is properly supported by the law and findings in the case. In its order, the Bankruptcy Court cited to sixteen (16) factors established in § 850 of the Guide to Judiciary Policy that a court officer is required to consider in determining whether judicial records should be produced or a judicial officer examined. Order Quashing Notice of Deposition, pp. 4-6. The Appellant does not contend that these factors are not relevant or should not control this inquiry. The Bankruptcy Court also analyzed those sixteen (16) factors in light of the facts present in this case. Order Quashing Notice of Deposition, pp. 6-9. While the Appellant takes issue

with the tone of the Bankruptcy Court's order, it points to no instance of the Bankruptcy Court misapplying any fact or misanalyzing any of the sixteen factors.

"Orders quashing a subpoena and limiting discovery are reviewed for an abuse of discretion." *Colby v. Milholland (In re Milholland),* 2017 Bankr. LEXIS 611, *9 (10th Cir. B.A.P. 2017) (citations omitted); *see also Wiwa v. Royal Dutch Petroleum Co.,* 392 F.3d 812, 817 (5th Cir. 2004); *Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.),* 330 F.3d 104, 108 (2d Cir. 2003). "A trial court enjoys wide discretion in its handling of pre-trial discovery, and its rulings with regard to discovery are reversed only upon a clear showing of an abuse of discretion." *In re DG Acquisition Corp.,* 151 F.3d 75, 79 (2d Cir. 1998) (quoting *Cruden v. Bank of N.Y.,* 957 F.2d 961, 972 (2d Cir. 1992)). The Appellant has not made any showing of an abuse of discretion by the Bankruptcy Court, much less a clear showing. This appeal has no merit and should be denied.

## VI. CONCLUSION

The Trustee is not sure why the Appellant appealed from this interlocutory order that has no bearing on the ultimate outcome of this case. Whatever the purpose, it is clear that the appeal has no merit procedurally or substantively. Based on all of the foregoing, this appeal should be dismissed and the Bankruptcy Court's Order Quashing Notice of Deposition should be affirmed.

Respectfully submitted,

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr. (21087)
Thompson Burton PLLC
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, Tennessee 37067
Tel:    615.465.6000
phillip@thompsonburton.com

Special Counsel for Appellee,
Jeanne Ann Burton, Trustee

## VII. CERTIFICATE OF COMPLAINCE WITH FED. R. APP. P. 32(a)(7)

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 3306 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac 2011 in 12-point Times New Roman Font.

## VIII. CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically on this 1st day of September, 2022. Notice of this filing will be sent by operation of the Court's electronic filing system and by U.S. Mail, first-class, postage prepaid, to all parties listed below. Parties may access this filing through the Court's electronic filing systems.

John Tate Spragens
Spragens Law PLC
311 22nd Ave. N
Nashville, TN 37203

/s/ Phillip G. Young, Jr.
Phillip G. Young, Jr.