# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

**Appeal from**
*Burton v. Hagh Law PLLC, et al.*
**Case No. 3:20-ap-90002**


**Manookian PLLC and Brian Manookian, Appellants**


**v.**


**Trustee Jeanne Ann Burton, Appellee**


**Case No. 3:22-cv-00474**

**Judge Aleta A. Trauger**


**ORAL ARGUMENT REQUESTED**

---

**APPELLANTS' REPLY BRIEF**

---

1

# ARGUMENT

## IN THE INTEREST OF EFFICIENCY AND JUDICIAL ECONOMY, THE COURT SHOULD RULE ON THE MERITS OF THIS APPEAL

Appellees' response is essentially a request to return the case to the same Bankruptcy Judge for additional rulings regarding his ability to continue presiding over this matter—notwithstanding the Bankruptcy Judge's refusal to rule on the motion for disqualification or otherwise permit Appellants to learn about the Court's ex parte communications before being required to participate in an "evidentiary hearing" on their disqualification motion.

As thoroughly addressed in Appellants' brief, this matter is ripe for adjudication now, and judicial economy favors addressing Appellants' arguments now. The conduct of the Bankruptcy Judge, including his repeated refusal to disclose basic facts regarding admitted ex parte communications—while additionally refusing to adjudicate a pending Motion to Recuse—have necessitated this appeal. Appellants have incurred over a quarter of a million dollars in attorneys' fees defending a meritless adversary proceeding to date. The conduct of the Bankruptcy Judge has contributed greatly to the delay and expense in this matter and continues to do so. Returning the matter to the Bankruptcy Judge who has refused to take actions required by the ethical rules governing judges serves only to further delay the case.

In the interests of judicial economy, this Court should find that an interlocutory appeal is warranted and address the appeal on its merits.

## CONCLUSION

For the foregoing reasons and the reasons stated in Appellants' principal brief, Appellant respectfully requests that the Court vacate the Order Quashing the Notice of Deposition (Doc. 178) and enter an Order disqualifying the Bankruptcy Court or, at minimum, requiring it to disclose all ex parte communications about the case and rule on the Disqualification Motion.

Date: September 16, 2022        Respectfully submitted,

*/s/ John Spragens*
John Spragens (TN Bar No. 31445)
Spragens Law PLC
311 22nd Ave. N.
Nashville, TN 37203
T: (615) 983-8900
F: (615) 682-8533
john@spragenslaw.com

*Attorney for Appellants Manookian*
*PLLC and Brian Manookian*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Appellant's Reply Brief

was filed September 16, 2022, and served electronically upon the following parties

in interest as indicated on the receipt issued by the Court's electronic filing system:

Phillip Young
One Franklin Park
6100 Tower Circle, Suite 200
Franklin, TN 37067
(615) 465-6008 (T)
phillip@thompsonburton.com

*Counsel for Trustee Jeanne Anne
Burton*

*/s/ John Spragens*